Carol F. GUTMANN (now Westerman) Appellant,

v.

Gordon L. GUTMANN, Appellee.

Court of Appeals of Kentucky.

May 21, 1971.

**380**

Gilbert Hale Nutt, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

Cecil Davenport, Louisville, for appellee.

EDWARD P. HILL, Jr., Judge.

The appeal is from a judgment raising weekly child-support payments from $55 to $75 per child. Appellant claims she is entitled to greater weekly payments for the benefit of the two children of the parties.

The principal basis of the appellant's argument is that the income of appellee increased from $6,900 in 1967 to $50,000 in 1969.

The parties were divorced in 1963, at which time an agreement relative to custody and child support was incorporated in the judgment. It provided for weekly payments of $40 to each of the two children.

In January 1967, on appellant's motion these payments were increased to $55 per week.

Later on, appellee's motion for a reduction in the amount he should pay was overruled.

On September 1, 1970, the chancellor adjudged that the payments be increased to $75 per week to each child.

Admittedly the cost of living and the needs of the two children have increased, and the appellee's income has increased.

There are no set rules for the standard of living for children. Some parents with great wealth may be wisely sparing with their children; while other parents may exceed their abilities in order to have the best for them.

Anyway, the chancellor was faced with conflicting evidence and disputed facts. He has demonstrated an upward trend in adjusting the child-support payments. We may not disturb his judgment unless it is found that he has abused his discretion. Somerville v. Somerville, Ky., 339 S.W.2d 940 (1960), and CR 52.01. We do not find an abuse of discretion in this case. Neither do we think his judgment is clearly or otherwise erroneous.

The judgment is affirmed.

MILLIKEN, C. J., and NEIKIRK, OSBORNE, PALMORE and REED, JJ., concur.

STEINFELD, J., not sitting.